UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kenneth Hannibal Hart

 v.             Civil No. 19-cv-720-PB

In-Oh Lee et al.

**REPORT AND RECOMMENDATION**

  Plaintiff, Kenneth Hannibal Hart, has filed an action that is before this court for preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d), to determine, among other things, whether the action is frivolous or malicious.

  The court has reviewed the complaint, construing it liberally in light of plaintiff's pro se status. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Here, the plaintiff contends he is the focus of racially motivated acts of torture, striking different parts of his body, causing him pain, disfunction, disease, and injuries.  He attributes those attacks to the "black arts" of foreign and domestic agents.  He names as defendants individuals and groups of people whom he identifies by ethnicity, immigration status, or national origin, and he alleges that they have hurt him with the complicity of local, state, and federal law enforcement officials and New Hampshire

State Hospital staff.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional."  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations omitted, quoting Neitzke, 490 U.S. at 325, 327-28). Hart's complaint is factually frivolous and asserts no arguable basis for relief in fact or law.  The complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## Conclusion

For the foregoing reasons, the court should dismiss the complaint in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 6, 2019

cc: Kenneth Hannibal Hart, pro se